IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK SCHUNATZ (# 64526), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-1064-L-BN |
| HUNT COUNTY DETENTION FACILITY, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Schunatz, detained pretrial at the Hunt County jail, filed this

*pro se* civil rights action, *see* Dkt. No. 3, which has been referred to the undersigned

United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing

order of reference from United States District Judge Sam A. Lindsay. And the Court

has granted Schunatz leave to proceed *in forma pauperis* under the Prison Litigation

Reform Act.

Schunatz asserts that the Court should order that he receive more than

$600,000 based on two alleged violations of his constitutional rights: (1) for less than

a two-month period ending on February 23, 2020, his cell had "water on floor [from

his shower] except the days Hunt County cleans" on "Monday, Wednesday, and

Friday" and (2) his "mail was being held in the jail"; it "was not going out and [he]

was not receiving it when it arrived." Dkt. No. 3 at 4; *see also* Dkt. No. 4 at 5

(grievance response explaining that mail was "not being held in this facility. … If mail

is deemed not fit to deliver to you then it is returned to send the same day it arrives.").

Although Schunatz names a county detention center, a non-jural entity, as the defendant, the undersigned liberally construes his claims as made against the Hunt County Sheriff or individual officers at the jail and therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice for failure to state a claim on which relief may be granted.

## Legal Standards

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by

stating "simply, concisely, and directly events" that they contends entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

## Analysis

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment," *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting Hare, 74 F.3d at 644-45); *accord Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020). And the United States Court of Appeals for the Fifth Circuit "has explained that challenges to inadequate food, heating, sanitary conditions, or mail or television privileges are generally considered challenges to the conditions of confinement." *Campos v. Webb Cnty. Sheriff's Dep't*, No. 5:12-CV-7, 2014 WL 1379668, at *5 (S.D. Tex. Apr. 3, 2014) (citing *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc)).

> If the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating a municipal entity's or individual jail official's actual intent to punish because, ... intent may be inferred from the decision to expose a detainee to an unconstitutional condition. A condition is usually the manifestation of an explicit policy or restriction: the number of bunks per cell, mail privileges, disciplinary segregation, etc. In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice."

*Shepherd*, 591 F.3d at 452 (citing *Scott*, 114 F.3d at 53 n.2, then quoting *Hare*, 74 F.3d at 645).

"Proving a pattern is a heavy burden, one that has rarely been met in our caselaw," and, "to constitute impermissible punishment, the condition must be one that is 'arbitrary or purposeless' or, put differently, 'not reasonably related to a legitimate goal.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)).

To the extent that Schunatz alleges that the cleaning of his cell, to remove standing water, only three days a week stems from a policy, he has not plausibly

alleged that such a policy is an unconstitutional condition of pretrial confinement. *Compare Mims v. Hardy*, No. 11 C 6794, 2013 WL 2451149, at \*10 (N.D. Ill. June 5, 2013) ("Courts have held that unsanitary conditions of confinement stemming from broken plumbing[ – particularly over *an extended period of time* – ]may rise to the level of an Eighth Amendment violation." (collecting cases)), *with Crouchman v. Pickens Cnty. Council*, Civ. A. No. 9:16-0804-CMC-BM, 2017 WL 767185, at \*12 (D.S.C. Feb. 3, 2017) ("Plaintiff's allegation in his Complaint that sometimes his toilet or sink would be broken 'for days' and that on occasion he had to be 'let out to use the common area bathroom because his toilet don't work' does not establish a constitutional violation." (citations omitted)), *rec. adopted*, 2017 WL 749393 (D.S.C. Feb. 27, 2017).

Schunatz's mail claim does not rise to constitutional concerns – "absent some showing that the defendants violated [a plaintiff's] *federal* constitutional rights, complaints about the violation of state statutes, state procedural or evidentiary rules, or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983." *Rodarte v. Beneficial Tex. Inc.*, No. SA-16-CA-71-RP, 2016 WL 1312637, at \*8 (W.D. Tex. Apr. 4, 2016) (collecting cases and concluding that where a plaintiff "alleges merely that any of the defendants failed to comply with ... state procedures for handling prisoner mail ... those allegations, standing alone, do not provide even an arguable basis for recovery or for a finding that [a plaintiff] is entitled to any relief under Section 1983").

But, even if the Court broadly construes Schunatz's mail allegations as raising

an access-to-courts claim – if the Court infers that Schunatz has had difficulty sending and obtaining legal mail[1] – Schunatz fails to allege how "his position as a litigant was prejudiced by his denial of access to the courts." *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (citations and internal quotation marks omitted); *see also Wells v. Thaler*, 460 F. App'x 303, 308 (5th Cir. 2012) (per curiam) (An access-to-courts claim is "not cognizable unless the inmate's position as a litigant was actually prejudiced by the denial of access. To prove an 'actual injury,' an inmate must prove that his ability to pursue a claim was hindered or barred by the defendant's actions." (citations omitted)).

The Court should therefore dismiss Schunatz's claims with prejudice, because allowing him to amend as to the two claims presented in his complaint would be futile.

## Recommendation

The Court should dismiss Plaintiff Mark Schunatz's complaint with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[1] *But see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court ... create causes of action where there are none.").

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE