IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK SCHUNATZ (# 64526),** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:20-CV-1064-L** | |
| § | | |
| **HUNT COUNTY DETENTION** § | | |
| **FACILITY,** § | | |
| § | | |
| Defendant. § | | |

## ORDER

On May 1, 2020, United States Magistrate Judge David Horan entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6), recommending that the court dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

In Plaintiff Mark Schunatz's ("Plaintiff") Complaint (Doc. 3), he alleged two claims against Defendant Hunt County Detention Facility ("Defendant"): (1) that his jail cell had water on the floor except for the three days when Defendant cleaned the facility; and (2) that Defendant withheld his incoming mail from him. Thus, he asserts that he should receive $646,291.38 as relief for these alleged violations.

In the Report, Magistrate Judge Horan determined that Plaintiff failed to demonstrate that his allegations rose to the level of constitutional violations.[*] With regard to Plaintiff's allegations about the water on the floor of his cell, Magistrate Judge Horan stated: "To the extent that Schunatz alleges that the cleaning of his cell, to remove standing water, only three days a week stems from

---

[*] Magistrate Judge Horan also noted that Plaintiff brought this action against a county detention center, which is a non-jural entity; however, he liberally construed Plaintiff's claims as made against the Hunt County Sheriff or individual officers at the jail and made his findings and conclusions accordingly.

Order – Page 1

a [jail] policy, he has not plausibly alleged that such a policy is an unconstitutional condition of pretrial confinement." Report 6 (citations omitted). With regard to the alleged withholding of Plaintiff's mail, Magistrate Judge Horan determined that this claim does not rise to constitutional concerns, and, "even if the Court broadly construes Schunatz's mail allegations as raising an access-to-courts claim – if the Court infers that Schunatz has had difficulty sending and obtaining legal mail[] – Schunatz fails to allege how 'his position as a litigant was prejudiced by his denial of access to the courts.'" *Id*. at 6 (footnote and citations omitted). Magistrate Judge Horan further determined that allowing Plaintiff to amend his complaint would be futile. For these reasons, he recommends that the court dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim on which relief may be granted.

On May 14, 2020, Plaintiff filed his Objections to the Report (Doc. 7). In his one-paragraph Objections, Plaintiff states: "I [] Mark Schunatz object to these findings, conclusions, and recommendation. Hunt County did hold my mail and left me in an unsanitary cell. I [] have currently been placed in cell 182 that has black mold in shower and on ceiling." Pl.'s Obj. 1. He also attached a drawing of his cell and two Inmate Grievance Forms. On the first Grievance Form, Plaintiff asserts that he has requested a "trustee tray" of food or double portions because he is under weight for his age and height, but his request was denied by the jail. In the second Grievance Form, he asserts that the jail is withholding his incoming mail because his outgoing mail only takes two days to get to Longview, but it takes six to eight days to get his incoming mail from the same location.

Having reviewed the pleadings, file, record in the action, and having conducted a de novo review of the portions to which objections were made, the court determines that the findings and the conclusions of the Magistrate Judge are correct and **accepts** them as those of the court. The

court further determines that Plaintiff has failed to address the deficiencies noted in the Report, request leave to amend, or state how he would correct the noted deficiencies if granted leave to amend. Rather than do any of these things, Plaintiff merely made conclusory Objections to the Report. Thus, the court determines that Plaintiff has pleaded his best case and granting an opportunity to amend would be futile and unnecessarily delay resolution in this action. Additionally, Plaintiff's allegations regarding denial of his request for a "trustee tray" and issues with black mold in his cell were not raised in his Complaint, and, thus, are not properly before the court. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (stating that issues raised for the first time in objections to magistrate judge's report are not properly before the court); *see also Moore as Next Friend of Moore v. Tangipahua Parish Sch. Bd*, 771 F. App'x 540, 544 n.4 (5th Cir. 2019) (citations omitted). For these reasons, the court **overrules** Plaintiff's Objections and **dismisses with prejudice** this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**Order – Page 3**

**It is so ordered** this 19th day of May, 2020.

                                          Sam A. Lindsay
                                          United States District Judge